UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | Case No. 8:15-cv-01275-CJC-DFM |
| Plaintiff, | **JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF INTERPLED FUNDS** |
| v. | |
| WILLIAM H. PORTER, SR., PETER S. PORTER AND DOES 1-10, | **Complaint Filed: August 10, 2015** |
| Defendants. | |

The stipulation of plaintiff, American General Life Insurance Company as successor in interest to The Old Line Life Insurance Company of America ("American General"), and defendants William H. Porter, Sr., and Peter S. Porter (collectively William H. Porter, Sr. and Peter S. Porter referred to hereinafter as "Defendants") (American General and Defendants referred to hereinafter as "the Parties"), came before this Court in due course.   For good cause appearing the stipulation is GRANTED.

IT IS HEREBY ORDERED:

1.     That, on or about June 3, 2000, Vicki L. Porter ("Decedent"), applied for a life insurance policy from The Old Line Life Insurance Company of America.  At the time of applying for the policy, Decedent designated her then husband, defendant

William Porter as primary beneficiary and her son, Peter S. Porter, as contingent beneficiary;

2.      That, on or about July 17, 2000, American General issued term life insurance policy no. MM0115671 ("the Policy") with a face value of $163,000.00.

3.      That, on or about August 13, 2013, Decedent and defendant William Porter divorced and a Judgment of Dissolution was entered as of that date;

4.      That, Decedent died on or about May 3, 2015;

5.      That, on May 11, 2015, after defendant William Porter called American General and advised of Decedent's death, American General wrote to Defendant William Porter and advised that American General would need a certified copy of the death certificate, the Proof of Death Claimant's Statement, the original contract and the obituary, if available;

6.      That, on or about May 22, 2015, American General received the claim for the $163,000.00 death benefits from defendant William Porter, identifying himself as "divorced" from Decedent;

7.      That, on or about June 8, 2015, defendant William Porter wrote to American General, enclosing a copy of the General Judgment of Dissolution of Marriage and Money Award dated August 13, 2013;

8.      That, the Judgment of Dissolution included a provision whereby any life insurance policy issued prior to the divorce where the former spouse was named as beneficiary, such beneficiary designation was deemed revoked as follows: "Except as otherwise provided herein, any designation of the now former spouse as a beneficiary of any benefit, including but not limited to … life insurance policies … shall be deemed to have been revoked effective with the entry of this judgment.  The benefit shall be paid to the secondary or contingent beneficiary or, if no beneficiary is named, then to the decedent's estate.  The surviving former spouse shall cooperate with the decedent's estate in assuring this directive is completed within nine (9) months of the

JUDGMENT OF DISCHARGE IN INTERPLEADER AND DISTRIBUTION OF FUNDS

1443885v.1

1   date of the death to assure that the surviving former spouse does not receive any

2   benefit as a result of the decedent's failure to modify the beneficiary designation of

3   the above-described assets."

4       9.    That, the Judgment of Dissolution also includes a provision under

5   Section 6C where each spouse was to maintain an existing term life insurance policy

6   then in effect naming the other spouse as irrevocable beneficiary. Section 6C provides

7   in relevant part: "Each party shall maintain their term life insurance policy currently in

8   effect naming each other as irrevocable beneficiary.";

9       10.    That, on or about June 11, 2015, American General received fax from

10  Joseph Porter, identifying himself as executor of Decedent's estate and as Decedent's

11  son.  Included with the fax was a copy of Decedent's Last Will and Testament

12  reflecting the appointment of Joseph Porter as executor, stating that he believed

13  defendant William Porter was not the beneficiary according to the divorce decree and

14  enclosed a section of the Judgment which he believed prevented defendant William

15  Porter from claiming the death benefit; Joseph Porter further requested that no action

16  be taken on defendant William Porter's claim until such time as he was able to

17  "review everything." ;

18      11.    That, on or about June 23, 2015, American General spoke with defendant

19  William Porter and advised that the language of the Judgment was contradictory and

20  therefore, American General could not pay out the proceeds without risk, and that if

21  he and contingent beneficiary Peter Porter could agree on a division of the proceeds,

22  American General would honor it, that if an agreement could not be reached,

23  American General would interplead the funds;

24      12.    That, on June 29, 2015, defendant William Porter called American

25  General and advised that the proposed agreement with defendant Peter Porter was no

26  longer a viable option as defendant Peter Porter would be unavailable for three months

27  and thus unable to sign an agreement;

28

JUDGMENT OF DISCHARGE IN INTERPLEADER AND DISTRIBUTION OF FUNDS

1443885v.1

13.     That, on account of the death of the Decedent, a death benefit under the Policy became payable in the amount of $163,000.00;

14.     That, American General is, and at all time mentioned in this Complaint ready, willing, and able, to pay the life insurance proceeds under the Policy to the person or persons legally entitled thereto, but that by virtue of the fact that the Judgment requires the former spouse relinquish any interest in the death benefit in favor of the contingent beneficiary, while at the same time requiring the former spouse to maintain term life insurance in favor of former spouse, it cannot determine who is entitled to the death benefit;

15.     That, Defendants and each of them, are persons known to American General to be asserting some right, title, or interest in the death benefits which are the subject of this Complaint, and/or potentially could assert some right, title or interest in the proceeds, hence, there are conflicting potential demands upon American General;

16.     That, American General is unable to determine with certainty the validity of the actual and potential conflicting demands that are and may be made by defendants herein as described above, and cannot determine whom to pay;

17.     That, American General may be exposed to multiple claims or liability should it make payment of the benefits to an individual or individuals not entitled to the benefits;

18.     That, by reason of the actual and potential conflicting claims to the life insurance proceeds and the fact that the Judgment contains conflicting provisions, American General does not know and cannot determine the person or persons legally entitled to payment;

19.     That, American General claims no interest in the life insurance proceeds or any part thereof, other than as a mere stakeholder of those proceeds, and as a result of the actual and potential conflicting, but apparently potentially valid claims of

JUDGMENT OF DISCHARGE IN INTERPLEADER AND DISTRIBUTION OF FUNDS

1443885v.1

Defendants, is indifferent as to which person should receive the death benefit proceeds;

20.     That, American General properly filed the Complaint in Interpleader in good faith and without collusion with any of the parties hereto to resolve all disputes over the life insurance proceeds;

21.     That, American General has no other means of protecting itself from the vexation of duplicative claims and therefore was entitled to interplead the life insurance proceeds into this Court and to obtain judgment of this Court releasing American General from further participation in this matter, and for its fees and costs in interpleading the funds;

22.     That American General is a disinterested stakeholder and is indifferent to which defendant or defendants are entitled to the death benefit payable under the Policy;

23.     That, this Court has jurisdiction pursuant to: (1) 28 U.S.C. 1335 as there are two or more adverse claimants of diverse citizenship and American General has deposited funds in controversy herein, which funds are over the required statutory minimum of $500; (2) 28 U.S.C. §1332 because diversity exists between Plaintiff American General and the defendants, as American General and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00 since the amount of life insurance benefits as stake is $163,000.00 plus interest due on the death benefits; and (3) Rule 22 of the Federal Rules of Civil Procedure;

24.     That, Defendants consent to the personal and subject matter jurisdiction of this Court;

25.     That, American General properly filed the Complaint for Interpleader and Declaratory Relief in this action and stated a proper cause for interpleader;

26.     That, American General and Defendants agree that the $163,509.89 interpled by American General with the Court in this action, plus any interest accrued

JUDGMENT OF DISCHARGE IN INTERPLEADER AND DISTRIBUTION OF FUNDS

1443885v.1

1  while on deposit with the Court shall be paid as follows:  1) a check in the amount of
2  $63,000 shall be made payable to "Joseph S. Porter," 12957 S.W. Timara Lane,
3  Oregon 97224, 2) a check for $100,000 with all interest accrued shall be made payable
4  to "William H. Porter, Sr.," 550 Cienaga Lane, Grants Pass, Oregon 97526.

5      27.    That, the Parties agree that Does 1-10 named in the Complaint shall be
6  dismissed without prejudice from this action;

7      28.    That, having brought this action and deposited with the Court the death
8  benefit due under the Policy plus accrued interest, in the amount of $163,509.89,
9  American General shall be discharged from any and all liability to Defendants as well
10 as their heirs, successors, assigns, representatives, agents and/or anyone purporting to
11 act on their behalf, based upon and/or with respect to the terms of the Policy, the death
12 benefit payable under the Policy, the death of Decedent and/or Defendants' claim for
13 the death benefit payable under the Policy;

14     29.    That the Court, including its appropriate representative, shall pay and/or
15 distribute the $163,509.89 interpled by American General in this action as set forth in
16 this Stipulation and in the Stipulated Judgment to be entered in this action;

17     30.    That Defendants and their heirs, successors, assigns, representatives,
18 agents and/or anyone purporting to act on their behalf, shall be permanently restrained
19 and/or prohibited from instituting or prosecuting any proceeding in any state court,
20 United States Court or administrative tribunal against American General based upon
21 and/or with respect to the terms of the Policy, the death benefit payable under the
22 Policy,  defendant William H. Porter Sr.'s claim for the death benefit payable under
23 the Policy, and American General's handling of the Policy, administration of the
24 Policy or its handling of defendant William H. Porter, Sr.'s claim for the death
25 benefit;

26     31.    That, American General is entitled to a judgment of discharge in
27 interpleader in its favor in this action as to Defendants; and

28

JUDGMENT OF DISCHARGE IN INTERPLEADER AND DISTRIBUTION OF FUNDS

1443885v.1

32.    That, all parties are to bear their own fees and costs with respect to the litigation of this action, including with respect to this Stipulation and the Stipulated Judgment entered thereon.

Date:  October 8, 2015

_____

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

JUDGMENT OF DISCHARGE IN INTERPLEADER AND DISTRIBUTION OF FUNDS

1443885v.1